Dear Mr. Hebert:
Reference is made to your recent request, on behalf of the Iberia General Hospital Service District (the "District"), for the opinion of this office regarding health services provided to and for the Parish of Iberia.
It is our understanding that the District provides the following services, free of charge, to the citizens of, and the Parish of Iberia: (a) the staffing of nurses at the Iberia Criminal Justice Facility, for 16 hours per day, to provide health care to the inmates; (b) providing facilities, supplies and utilities, which are utilized by the Coroner as the Parish Morgue; (c) conducting free health clinics throughout the parish, known as HealthMart Clinics, for the citizens of the Parish (hereinafter collectively referred to as the "Services").
Specifically, you have asked that this office address whether the provision of the Services, free of charge, violates La. Const. (1974) Art. VII, Sec. 14.
Art. VII, Sec. 14 (A) pertinently provides:
 "(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged or donated to or for any person, association, or corporation, public or private . . .
The Supreme Court has interpreted Art. VII, Sec. 14 to be violated whenever the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana Municipal Risk Management Agency, 439 So.2d 399 (La. 1983). This office has construed the "legal obligation" requirement referred to in the City of Port Allen decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty". Attorney General's Opinion No. 92-204. See also: Guste v. Nicholls College Foundation, 564 So.2d 682 (La. 1990). Our opinions also refer to the requirement of "an underlying legal obligation or authority" for the transfer of public funds. Attorney General's Opinions Nos. 92-543, 92-494, 92-402, 92-204.
R.S. 46:1052 sets forth the objects and purposes of, and R.S. 46:1055 sets forth the powers and duties of, hospital service districts. Pertinently, R.S. 46:1052 provides:
 The objects and purposes of the hospital service districts and the governing bodies created under the provisions of this chapter shall be:
 * * * * * * * * * * * * * * * * * * * * * * * * *
 (2) To administer other activities related to rendering care to the sick and injured or in the promotion of health which may be justified by the facilities, personnel, funds and other requirements available.
 * * * * * * * * * * * * * * * * * * * * * * * * *
 (4) To participate so far as circumstances may warrant in any activity designed and conducted to promote the general health of the community.
 (5) To cooperate with other public and private institutions and agencies engaged in providing hospital and other health services to residents of the district."
R.S. 46:1055 provides, in pertinent part:
 "A. In addition to the duties defined elsewhere in this Chapter, the commission shall have the duty and authority:
 (1) To represent the public interest in providing hospital and medical care in the district."
In our opinion, these statutory provisions provide the District with the obligation and authority to conduct health related activities and to provide health related services such as the Services to the Parish of Iberia and its citizens. As such, it is the opinion of this office that the provision of the Services by the District does not violate La. Const. (1974) Art.VII, Sec. 14. Trusting this adequately responds to your request, I am,
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Jeanne-Marie Zeringue Barham Assistant Attorney General